Losing, J.,
delivered the opinion of the court:
A retired officer, when called into service and assigned to duty, is entitled to receive the full pay and the emoluments of his rank. But the War Department rejected the claim of the petitioner upon the grounds set forth in the following memoranda:
■“MEMORANDA. — The following decision relates to officers detailed as professors at colleges under section 26, Act July 28,, 1866:
“August 17> 1869, the Adjutant-General submitted to the Secretary of War the question of allowances to officers detailed at colleges, and the following decision was made by the War Department, August 5,1870 : ' In all cases where Army officers were selected by the War Department for duty at colleges and universities, under the act of Congress of July 28, 1866, they will be regarded as entitled to commutation of fuel and quarters during the period of their service under such selection j but in all cases where such officers were detailed in pursuance of their own solicitations, or the solicitations of college authorities or others in their express behalf, they are not to be regarded as entitled to commutation allowances.’ The principle in view being, that a ‘ detail’ by the Department, without consultation with the officer detailed, was compulsory as any military duty, and therefore should carry all allowances; but when procured at the instance of the officer, or with his assent-, it was in the nature of a leave of absence, to permit him to accept the place of professor.”
We think the distinction here made is not legally tenable. When an officer is acting under orders which in military subordination he is bound to obey, he is acting in the line of his duty. Such orders ar the command of his superior, and his assent is *404 immaterial and of no legal effect; be is “ one under authority,” and obedience to that is Ms duty, and therefore, in obeying that, he is on duty. When he is “ on leave, ” as the expression signifies, he has had permission to leave his duty, and for that reason, and that only, cannot claim the pay and emoluments which belong to him only when on duty, and then cannot be denied to him.
When General Long was ordered to Indiana University he had no election as to obeying that order; that place was his assigned post, and his duty obliged him to go there and to stay there until he was relieved from duty there by a subsequent order, the necessity for which is shown by the fact that it was issued. So that all the time he was there, he was under orders, and was acting in fulfillment of his military duty, as much as any officer at West Point or the Naval School.
It was contended at the bar that commutation for quarters and fuel was a right created by the Army Regulations, and therefore could not be used except on the terms prescribed, and that by them officers in the field were furnished with quarters and fuel in kind, and that at stations and posts officers are entitled to a commutation for quarters and fuel only in the single case that the United States had omitted to furnish them after a requisition made in a manner directed, and for this the authority cited was the article 1086. That article is in. these words :
“ Abt. 1086. An officer arriving at a station shall make a requisition on the quartermaster for his quarters and fuel, accompanied by a copy of the order putting him on duty.”
But the Army Regulations do not create the right of commutation, for that is an emolument which the law creates as much as it does the officer’s pay, and the Army Regulations only regulate the right. And it would seem to be manifest that the article referred to has no application to this case; By it the requisition must be made on the quartermaster at the station to which the officer is ordered, and the article is applicable only where there is a quartermaster; and at Blooming-ton there was none, and neither quarters nor fuel belonging to the Government. Compliance with that article, therefore, was impossible in the position in which the Government had placed the petitioner, and "Lex non cogit ad impossibilia."
And the case would seem to fall more appositely under article 1080, which is as follows:
*405 “When public quarters cannot be furnished at stations without troops, * * * * quarters will be commuted at a rate fixed by the Secretary, and fuel at the market-price delivered.”
Under the orders given to General Long, Bloomington was for him a station without troops. And the evidence shows that the allowance claimed by General Long is the amount in commutation to which an officer of his rank, on duty at a station without troops, would be entitled to. As Bloomington was not a military station, it may be that the article was not made for a case like this, and it certainly was made before any such case had or could have arisen; for this case is created by the Act July 28, 1866, which first authorized the detail of officers to colleges, and thus created a service unknown before, and for which the Army Regulations were not made. And then the case is, that General Long was placed on duty at a station which was not a military station; that he was, while on duty, entitled to the quarters and fuel he claims, either in kind or commutation, by his rank; that the Government did not furnish them in kind or commutation, and by the position in which they placed him precluded him from obtaining them by requisition, or otherwise than by purchase, and thus authorized that, not only because the quarters and fuel were his right, but also because they were necessary in the performance of the duty on which they had ordered him.
The judgment of the court is that the claimant recover the sum of $497.81.